

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

**NO. 2-09-230-CR**
**NO. 2-09-231-CR**

WILLIE ROBINSON                                                              APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Willie Robinson was charged by two separate indictments with the offense of failure to comply with sex offender registration requirements. He entered an open plea of guilty in each case. The trial court accepted Robinson's pleas and deferred sentencing until a pre-sentence investigation report (PSI) could be prepared. After reviewing the PSI, the trial court sentenced Robinson to eight years'

---

[1] *See* Tex. R. App. P. 47.4.

confinement in each case, ordering the sentences run concurrently. He appeals. We will affirm.

Robinson's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel averred that, in his professional opinion, these appeals are frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*[2] by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal. *See Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). This court afforded Robinson the opportunity to file a brief on his own behalf, and he has filed three. The State has not filed a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays*, 904 S.W.2d at 922–23. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). Because Robinson entered open pleas of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of Robinson's pleas, error that is not independent of and supports the judgments of guilt, and error occurring after entry

---

[2] 386 U.S. 738, 87 S. Ct. 1396 (1967).

of the guilty pleas. *See Monreal v. State*, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); *Young v. State*, 8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000).

We have carefully reviewed counsel's brief, Robinson's briefs, and the record. We agree with counsel that the appeals are wholly frivolous and without merit. We find nothing in the record that might arguably support the appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL: WALKER, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 12, 2010

3